# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROCKIE A. SLATER, | Case No. 2:12-CV-01996-JCM-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Presently before the court is Magistrate Judge Hoffman's Report and Recommendation that plaintiff Rockie A. Slater's Complaint (doc. # 5) and this action be dismissed with prejudice. (doc. # 21). Plaintiff filed an Objection. (doc. # 22).[1]

**I.      Procedural History**

On March 8, 2013, the magistrate ordered plaintiff to file a motion to remand on the basis of new evidence or a motion for reversal and/or remand within thirty days. (*See* doc. # 18). The magistrate specified that "[f]ailure of a party to file a motion or motion or points and authorities required by this Order may result in dismissal of the action." (*Id.*)

On April 16, 2013, more than thirty days after the court's scheduling order, plaintiff had not yet filed her motion to remand. Magistrate Judge Hoffman recommended that plaintiff's complaint and this action be dismissed with prejudice for her failure to comply with court order. The magistrate noted that "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (*citing Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me 1985)).

---

[1] Plaintiff also filed a motion to extend time for plaintiff to file her motion for reversal and/or remand. (Doc. # 23). And plaintiff filed a motion for reversal and/or remand. (Doc. # 24).

On April 25, 2013, plaintiff filed a timely objection. The court now considers the magistrate's report and recommendation and plaintiff's objection.

## II.  Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); LR IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

## III.  Discussion

Plaintiff represents that due to miscommunication and calendering issues, the motion to remand was not timely filed. Plaintiff seeks relief under Fed. R. Civ. P. 60(b) requesting relief due to mistake, inadvertence, or excusable neglect. While the court acknowledges the challenges of managing one's own law practice, it is incumbent on those who choose to practice in federal court to adhere to the Federal Rules of Civil Procedure and follow court orders. Plaintiff has failed to do so here.

Because the court agrees with the magistrate judge that a scheduling order cannot be disregarded as failure to do so disrupts the course of litigation, and rewards the indolent and cavalier, *see Johnson.*, 975 F.2d at 610, the court finds dismissal warranted. However, dismissal shall be without prejudice.

## IV.  Conclusion

After having conducted a de novo review of the matter before the court,

/ / /

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Hoffman's Report and Recommendation (doc. # 21) be, and the same hereby is, ADOPTED in part, not inconsistent with this order.

IT IS FURTHER ORDERED that plaintiff Rockie A. Slater's Complaint (doc. # 5) and this action be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiff's Motion to Extend Time (doc. # 23) and Motion for Reversal and/or Remand (doc. # 24) be, and the same hereby are, DENIED as moot.

DATED this 20th day of May, 2013.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE