**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROCKIE A. SLATER,

        Plaintiff(s),

v.

MICHAEL J. ASTRUE,

        Defendant(s).

2:12-CV-1996 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Rockie A. Slater's motion for relief from judgment under Fed. R. Civ. P. 60(b) (doc. #27) and motion for monetary sanctions against counsel in lieu of dismissal (doc. #28). To date, defendant Carolyn W. Colvin, acting commissioner of the Social Security Administration, has not responded.[1]

**I.   Background**

On December 14, 2012, plaintiff filed a complaint for review of the final decision of the commissioner of the Social Security Administration's denial of his claim for benefits. (Doc. #5). On March 8, 2013, an order concerning review of a social security case was issued, specifying that plaintiff shall file the motion to remand within 30 days of the filing of that order. (Doc. #18).

---

[1] Carolyn W. Colvin became the acting commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for commissioner Michael J. Astrue as defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205 of the Social Security Act, 42 U.S.C. § 405.

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff failed to file a timely motion.

2  On April 16, 2013, the magistrate judge issued a report and recommendation recommending
3  that plaintiff's complaint be dismissed with prejudice. (Doc. #21). On April 25, 2013, plaintiff filed
4  objections to the report. (Doc. #22). On May 21, 2013, this court issued an order dismissing
5  plaintiff's complaint without prejudice; this is the order from which plaintiff seeks relief.

6  **II.    Motion for Relief from Judgment (doc. #27)**

7  **A.    Legal Standard**

8  A motion for relief from a judgment or order may be brought if movant can show: (1)
9  mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with
10 reasonable diligence could not have been discovered in time to move for a new trial; (3) fraud,
11 misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment
12 has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed
13 or vacated; or applying it prospectively is no longer equitable; and (6) any other reason that justifies
14 relief. FED. R. CIV. P. 60(b), *see also Backland v. Barnhart*, 778 F.2d 1386, 1388 (1985).

15 **B.    Discussion**

16 This motion could be resolved procedurally pursuant to local rule 7-2(d). Pursuant to local
17 rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's
18 consent to the granting of the motion. *See U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). In this
19 case, defendant has failed to respond to plaintiff's motion for relief from judgment under Rule 60(b).
20 While local rule 7-2(d) would be an appropriate basis to grant plaintiff's motion, in fairness, the
21 court will look at the merits.

22 Rule 60(b) permits the court to relieve a party and/or counsel of the proceedings for mistake,
23 inadvertence, or excusable neglect. The Sixth Circuit has noted "[t]he sanction of dismissal is
24 appropriate only if the attorney's dilatory actions amounted to failure to prosecute and no alternative
25 sanction would protect the integrity of pre-trial procedures." *Buck v. U.S. Dept. of Agriculture,*
26 *Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir.1992) (citing *J.F. Edwards Const. Co. v.*
27 *Anderson Safeway Guard Rail Corp.*, 542 F.2d 1318, 1324 (7th Cir. 1976) (per curiam)).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  In this case, plaintiff's counsel admits that the failure to timely file the motion for remand
2  is solely the fault of counsel because of a calendaring issue. The court does not take lightly counsel's
3  failure to observe and adhere to deadlines. However, the court's intent in dismissing this action
4  without prejudice was to preserve plaintiff's claim despite counsel's dilatory behavior. Now counsel
5  represents that dismissal without prejudice would bar any action by plaintiff under the statute of
6  limitations. *See* 42 U.S.C. § 405(g).

7  The court finds that dismissal of plaintiff's action without an opportunity to re-file would
8  unjustly prejudice plaintiff. Thus, the motion for relief from judgment under Fed. R. Civ. P. 60(b)
9  is GRANTED.

10 **III.    Motion for Sanctions (doc. #28)**
11         **A.    Legal Standard**
12  Under Fed. R. Civ. P. 11©, the court may impose an appropriate sanction on any attorney,
13  law firm, or party that violated the rule or is responsible for the violation. FED.R.CIV.P. 11©.

14         **B.    Discussion**
15  As held above, this motion could be resolved procedurally pursuant to local rule 7-2(d)
16  because defendant failed to respond to plaintiff's motion for monetary sanctions in lieu of dismissal.
17  While local rule 7-2(d) would be an appropriate basis to grant plaintiff's motion, in fairness, the
18  court will look at the merits.

19  In this case, plaintiff's counsel has moved for monetary sanctions against himself in lieu of
20  dismissal. The court does not find the imposition of sanctions appropriate here. This motion is
21  DENIED.

22 **IV.    Conclusion**
23         Accordingly,
24         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's counsel's motion
25  for relief from judgment under Fed. R. Civ. P. 60(b) (doc. # 27) be, and the same hereby is,
26  GRANTED.
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1       IT IS THEREFORE ORDERED that the clerk of the court shall reopen this case.

2       IT IS THERFORE ORDERED that plaintiff shall refile the motion to remand (doc. # 24)

3  within seven (7) days of entry of this court's order.

4       IT IS FURTHER ORDERED that plaintiff's motion for monetary sanctions against counsel

5  in lieu of dismissal (doc. # 28) be, and the same hereby is, DENIED.

6       DATED June 28, 2013.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE